## IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

**KENNY YOUNG**                                                          **PLAINTIFF**

vs.                                            CIVIL ACTION NO. $\underline{2017\ 116-1}$

**AMERICAN MEDICAL RESPONSE, INC.,**
**MOBILE MEDIC AMBULANCE SERVICE**
**INC. D/B/A AMR CENTRAL MISSISSIPPI**
**AND JOHN DOES 1-5**                                              **DEFENDANTS**

### SUMMONS

### THE STATE OF MISSISSIPPI

TO:     **Corporation Service Company,**
        **As Registered Agent for**
        **Mobile Medic Ambulance Service Inc.**
        **D/B/A AMR Central Mississippi**
        5760 I-55 North, Suite 150
        Jackson, Mississippi 39211

### NOTICE TO DEFENDANT

THIS COMPLAINT AND DISCOVERY WHICH ARE ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint and Discovery to Kenneth C. Miller, attorney for the Plaintiff, whose address is 213 S. Lamar Street (39201), Post Office Box 1759, Jackson, Mississippi 39215. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a Judgment of Default will be entered against you for the money or other things demanded in the Complaint. Your responses to Plaintiff's Discovery, Request for Admission, Interrogatories, and Request for Production of Documents are due within forty-five (45) days of service.



EXHIBIT
" A "

You must file the original of your responses with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 24 day of May, 2017.

ANTHONY GRAYSON, CIRCUIT CLERK
SMITH COUNTY, MISSISSIPPI

BY: Clara Brown D.C.



## IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

KENNY YOUNG                                                          **PLAINTIFF**

vs.                                    CIVIL ACTION NO. *2017-116-1*

AMERICAN MEDICAL RESPONSE, INC.,
MOBILE MEDIC AMBULANCE SERVICE
INC. D/B/A AMR CENTRAL MISSISSIPPI
AND JOHN DOES 1-5                                                    **DEFENDANTS**

### COMPLAINT

### JURY TRIAL DEMANDED

COMES NOW, the Plaintiff, Kenny Young by and through his counsel of record, and files this Complaint against Defendants, American Medical Response, Inc., Mobile Medic Ambulance Service, Inc. D/B/A AMR Central Mississippi, and John Does 1-5 and in support thereof would respectfully show unto the Court the following:

### PARTIES & JURISDICTION

1.

Plaintiff, Kenny Young is an adult resident citizen of Smith County, Mississippi.

2.

Defendant, American Medical Response, Inc. is believed to be a Foreign Corporation registered to do business in Mississippi, and process can be served on its Registered Agent, Corporation Service Company at 5760 I-55 North, Suite 150, Jackson, Mississippi 39211.

Defendant, Mobile Medic Ambulance Service Inc. D/B/A AMR Central Mississippi is believed to be a Foreign Corporation registered to do business in Mississippi, and process can be served on its Registered Agent, Corporation Service Company at 5760 I-55 North, Suite 150, Jackson, Mississippi 39211.


FILED
MAY 24 2017
Anthony Grayson, Circuit Clerk

Page 1 of 7

John Does 1-5 are believed to be other corporate entities, medical providers or health care professionals whose identities are yet unknown, but who also may have been guilty of negligence and/or gross negligence which caused or contributed to, or whom may be vicariously liable for, the injuries and damages set out herein.

3.

This Court has jurisdiction. Venue is proper.

## FACTS

4.

On August 18, 2016, at 8:02 a.m., American Medical Response was contacted by Georgia Pacific in Taylorsville, Mississippi, to respond to Kenny Young. At approximately 8:12 a.m., Ken Walters and Landon Wilson, EMTs and employees of American Medical Response, Inc. and Mobile Medic Ambulance Service, Inc. D/B/A AMR Central Mississippi, arrived at Georgia Pacific to treat Kenny Young. At all times, Ken Walters and Landon Wilson, were acting within the course and scope of their employment with American Medical Response, Inc. and Mobile Medic Ambulance Service, Inc. D/B/A AMR Central Mississippi. Kenny was found seated in a safety booth at work with constant complaints of chest pain that radiated from his back. Kenny stated his pain began suddenly. Kenny rated his chest pain as a 10 out of 10. Kenny had nausea and vomiting. After placing Kenny on a Life Pack Monitor, his blood pressure was noted to be extremely elevated at 205/122.

5.

Given his life threatening complaints, Ken Walters and Landon Wilson, decided that Kenny needed to be transferred to Forrest General Hospital. While transferring Kenny, Ken Walters and Landon Wilson failed to use a stretcher or backboard. Ken Walters and Landon

Wilson allowed Kenny to walk down the stairs unattended while carrying the Life Pack Monitor. As Kenny was walking down the stairs, he fainted and fell approximately 10-12 steps. After landing on the ground Kenny was placed in a C-collar and secured to a long back board with spider straps and was subsequently placed on a stretcher.

6.

The American Medical Response's records indicate that Kenny had tenderness and pain in his upper and lower back and deformity and trauma to his back.

7.

After falling, Kenny has been treated for back and neck injuries caused by the Defendants' employees' negligence.

## COUNT ONE – AMERICAN MEDICAL RESPONSE, INC'S NEGLIGENCE AND/OR GROSS NEGLIGENCE, FAILURE TO TRAIN AND FAILURE TO SUPERVISE

8.

Plaintiff adopts and incorporates herein by reference the allegations made in Paragraphs 1 through 7 above.

9.

At all relevant times, Defendant American Medical Response, Inc. and its employees/agents, specifically Ken Walters and Landon Wilson, owed non-delegable duties to their patient, Kenny Young. Such duties included, but were not limited to, the duty of providing Kenny Young with the degree of advice, treatment, care, skill and diligence which would and should have been provided by a reasonably prudent minimally-competent EMTs, paramedics, medical and clinical staff, including doctors, nurses and other employees, in the care of Kenny Young.

10.

Defendant, American Medical Response, Inc. and its employees/agents specifically, Ken Watlers and Landon Wilson, breached the aforesaid duties and were negligent and/or grossly negligent in the medical care that they rendered to Kenny Young and their actions exhibited a reckless disregard for his health and safety. The Defendant, American Medical Response, Inc. is liable to the Plaintiff under the doctrine of respondeat superior for Ken Walters and Landon Wilson's negligence and/or gross negligence. The breach of the aforesaid duties constitutes negligence and/or gross negligence, and such negligence and/or gross negligence was a direct and proximate cause and/or a proximate contributing cause of the injuries of the Plaintiff and the damages sought herein.

11.

At all relevant times, the Defendant, American Medical Response, Inc., negligently trained and/or negligently failed to supervise its employees, Ken Walters and Landon Wilson.

12.

As a direct and proximate cause and/or a proximate contributing cause of American Medical Response, Inc.'s negligent failure to train and/or supervise Ken Walters and Landon Wilson, the Plaintiff suffered severe physical and emotional distress, physical pain and suffering, bodily injury and permanent disfigurement.

## COUNT TWO – MOBILE MEDIC AMBULANCE SERVICE, INC. D/B/A AMR CENTRAL MISSISSIPPI'S NEGLIGENCE AND/OR GROSS NEGLIGENCE, FAILURE TO TRAIN AND FAILURE TO SUPERVISE

13.

Plaintiff adopts and incorporates herein by reference the allegations made in Paragraphs 1 through 12 above.

14.

At all relevant times, Defendant Mobile Medic Ambulance Service, Inc. D/B/A AMR Central Mississippi and its employees/agents, specifically Ken Walters and Landon Wilson, owed non-delegable duties to its patient, Kenny Young. Such duties included, but were not limited to, the duty of providing Kenny Young with the degree of advice, treatment, care, skill and diligence which would and should have been provided by a reasonably prudent minimally-competent EMTs, medical and clinical staff, including doctors, nurses and other employees, in the care of Kenny Young.

15.

Defendant, Mobile Medic Ambulance Service, Inc. D/B/A AMR Central Mississippi and its employees/agents, specifically Ken Walters and Landon Wilson, breached the aforesaid duties and were negligent and/or grossly negligent in the medical care that they rendered to Kenny Young and their actions exhibited a reckless disregard for his health and safety. The Defendant, Mobile Medic Ambulance Service, Inc. D/B/A AMR Central Mississippi, is liable to the Plaintiff under the doctrine of respondeat superior for Ken Walters and Landon Wilson's negligence and/or gross negligence. The breach of the aforesaid duties constitutes negligence and/or gross negligence, and such negligence and/or gross negligence was a direct and proximate cause and/or a proximate contributing cause of the injuries of the Plaintiff and the damages sought herein.

16.

At all relevant times, the Defendant, Mobile Medic Ambulance Service, Inc. D/B/A AMR Central Mississippi, negligently trained and/or negligently failed to supervise its employees, Ken Walters and Landon Wilson.

17.

As a direct and proximate cause and/or a proximate contributing cause of Mobile Medic Ambulance Service, Inc. D/B/A AMR Central Mississippi's negligent failure to train and/or supervise Ken Walters and Landon Wilson, the Plaintiff suffered severe physical and emotional distress, physical pain and suffering, bodily injury and permanent disfigurement.

## COUNT THREE – KENNY YOUNG'S DAMAGES

18.

Plaintiff adopts and incorporates herein by reference the allegations made in paragraphs 1 through 17 above.

19.

As a direct and proximate cause or as a contributing proximate cause of the negligence and/or gross negligence of the Defendants as described above in paragraphs 8-17, Kenny Young suffered the following damages:

a.     Past, present and future severe, permanent and disabling injuries;

b.     Past, present and future physical pain and suffering;

c.     Past, present and future mental and emotional anguish;

d.     Past, present and future loss of wages and wage earning capacity;

e.     Past, present and future doctor, hospital, drug and medical expenses;

f.     Loss of enjoyment of life; and

g.     Any and all other damages allowed by Mississippi law, including but not limited to punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff brings this cause of action against the Defendants and demands compensatory damages in an amount to be determined by a jury,

together with pre-judgment interest, post-judgment interest, costs of this action expended, and any general relief otherwise warranted including but not limited to punitive damages.

Respectfully submitted, this the ____23ʳᵈ____ day of May, 2017.

KENNY YOUNG
**Plaintiff**

_[signature]_

KENNETH C. MILLER (MSB #10043)
DAVID L. SULLIVAN (MSB #9850)

OF COUNSEL:

Kenneth C. Miller (MSB#10043)
Danks, Miller & Cory
213 S. Lamar Street (39201)
P.O. Box 1759
Jackson, MS  39215-1759
Telephone:  (601) 957-3101
Facsimile: (601) 957-3160

David L. Sullivan (MSB#9850)
Sullivan Law Firm, PLLC
P.O. Box 4413
Laurel, MS 39440
Phone: (601)649-4075
Fax: (601) 649-4216

IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

KENNY YOUNG                                                    PLAINTIFF

vs.                                          CIVIL ACTION NO. _____

AMERICAN MEDICAL RESPONSE, INC.,
MOBILE MEDIC AMBULANCE SERVICE
INC. D/B/A AMR CENTRAL MISSISSIPPI
AND JOHN DOES 1-5                                             DEFENDANTS

STATE OF MISSISSIPPI
COUNTY OF SMITH

### AFFIDAVIT

A.    I am Kenneth C. Miller, am over the age of 21 years.

B.    I am a practicing attorney, licensed to practice law in the state of Mississippi.

C.    I have reviewed the facts of the case of Kenny Young vs. American Medical Response, Inc. and Mobile Medic Ambulance Service, Inc. D/B/A AMR Central Mississippi.

D.    I have consulted with at least one (1) medical expert who is qualified to give testimony as to the standard of care or negligence pursuant to the Mississippi Rules of Civil Procedure.

E.    I reasonably believe that the medical expert is knowledgeable in the relevant issues involved in the instant action.

F.    On the basis of the aforementioned review and consultation, I believe that there is a reasonable basis for the commencement of the instant action.

Further, affidavit sayeth not.

_____
KENNETH C. MILLER

SWORN TO AND SUBSCRIBED BEFORE ME this the ___23rd___ day of May, 2017.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:
(SEAL)          LACEY A. KNAUSS
                Commission Expires
                17, 2020

IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

KENNY YOUNG                                                          PLAINTIFF

vs.                                         CIVIL ACTION NO. 2017- 116-1

AMERICAN MEDICAL RESPONSE, INC.,
MOBILE MEDIC AMBULANCE SERVICE
INC. D/B/A AMR CENTRAL MISSISSIPPI
AND JOHN DOES 1-5                                                   DEFENDANTS

## NOTICE OF SERVICE OF DISCOVERY

COMES NOW, Kenneth C. Miller, attorney for the Plaintiff, Kenny Young, and hereby

gives notice to the Court that a true and correct copy of the following documents will be served

along with a copy of the Complaint and Summons to the Defendants, American Medical

Response, Inc. and Mobile Medic Ambulance Service, Inc. D/B/A AMR Central Mississippi:

1.    First Set of Request for Admission Propounded to Defendant, American Medical
      Response, Inc.;

2.    First Set of Interrogatories Propounded to Defendant, American Medical
      Response, Inc.;

3.    First Set of Requests for Production of Documents propounded to Defendant,
      American Medical Response, Inc.;

4.    First Set of Request for Admission Propounded to Defendant, Mobile Medic
      Ambulance Service, Inc. D/B/A AMR Central Mississippi;

5.    First Set of Interrogatories Propounded to Defendant, Mobile Medic Ambulance
      Service, Inc. D/B/A AMR Central Mississippi; and

6.    First Set of Requests for Production of Documents propounded to Defendant,
      Mobile Medic Ambulance Service, Inc. D/B/A AMR Central Mississippi.

Further notice is hereby given that the originals of the above documents are being

retained in our files.

THIS, the 23rd day of May, 2017.



FILED
MAY 2 4 2017
Anthony Grayson, Circuit Clerk

Respectfully Submitted

THE PLAINTIFF

By: _____
KENNETH C. MILLER (MSB#10043)

OF COUNSEL:

KENNETH C. MILLER, (MSB# 10043)
**DANKS MILLER & CORY**
213 S. Lamar Street, (39201)
Post Office Box 1759
Jackson, Mississippi 39215-1759
Telephone: (601) 957-3101
Facsimile: (601) 957-3160

## CERTIFICATE OF SERVICE

I, Kenneth C. Miller, do hereby certify that a true and correct copy of the above and forgoing *Notice of Service of Discovery* will be served on the Defendants with the Complaint and Summons.

THIS, the 23rd day of May, 2017.

_____
KENNETH C. MILLER

IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

KENNY YOUNG                                                              PLAINTIFF

vs.                                             CIVIL ACTION NO. $\underline{2017\text{-}116\text{-}1}$

AMERICAN MEDICAL RESPONSE, INC.,
MOBILE MEDIC AMBULANCE SERVICE
INC. D/B/A AMR CENTRAL MISSISSIPPI
AND JOHN DOES 1-5                                                       DEFENDANTS

---

### FIRST SET OF REQUEST FOR ADMISSION PROPOUNDED TO DEFENDANT, AMERICAN MEDICAL RESPONSE, INC.

---

**COMES NOW** the Plaintiff, Kenny Young, by and through counsel, pursuant to Rule 35 of the Mississippi Rules of Civil Procedure, and propounds this his First Set of Requests for Admissions to Defendant, American Medical Response, Inc.:

**REQUEST 1:** Please admit that on August 18, 2016 that Ken Walters and Landon Wilson were employed by American Medical Response, Inc.

**REQUEST 2:** Please admit that on August 18, 2016 that Ken Walters and Landon Wilson provided medical treatment to the Plaintiff, Kenny Young.

**REQUEST 3:** Please admit that on August 18, 2016 that Ken Walters took the Plaintiff's blood pressure at approximately 08:12 and his blood pressure was 205/122.

**REQUEST 4:** Please admit that on August 18, 2016 that Ken Walters and Landon Wilson instructed the Plaintiff to walk down stairs by himself without support.

**REQUEST 5:** Please admit that on August 18, 2016 that Ken Walters and Landon Wilson instructed the Plaintiff to walk down stairs by himself to carry a portable cardiac monitor.

**REQUEST 6:**   Please admit that on August 18, 2016 that Ken Walters and Landon Wilson did not place the Plaintiff on a backboard until after he had fallen.

**REQUEST 7:**   Please admit that on August 18, 2016 that Ken Walters and Landon Wilson allowed the Plaintiff to walk down the stairs even though he was hypertensive, complaining of chest pain, and had nausea/vomiting.

**REQUEST 8:**   Please admit that on August 18, 2016 that Ken Walters and Landon Wilson owed a duty of care to the Plaintiff.

**REQUEST 9:**   Please admit that on August 18, 2016 that Ken Walters and Landon Wilson breached their duty of care to the Plaintiff by allowing the Plaintiff to walk down the stairs unassisted.

**REQUEST 10:**   Please admit that on August 18, 2016 that Ken Walters and Landon Wilson should have used a backboard and not allowed the Plaintiff to walk down the stairs unassisted.

**REQUEST 11:**   Please admit that on August 18, 2016 that Ken Walters and Landon Wilson should have physically supported the Plaintiff as he walked downstairs, if a backboard was available

**REQUEST 12:**   Please admit that a patient with a blood pressure of 205/122 is at a higher risk of feinting than a patient with a normal blood pressure.

**REQUEST 13:**   Please admit that on August 18, 2016 that Ken Walters and Landon Wilson did not perform a fall assessment on the Plaintiff prior to allowing him to walk down stairs unattended.

**REQUEST 14:**   Please admit that you are a proper party to this lawsuit and that Ken Walters and Landon Wilson were employees of yours on August 18, 2016.

THIS, the _____ day of May, 2017.

**KENNY YOUNG**
**Plaintiff**

By:_____
Kenneth C. Miller (MSB# 10043)

**OF COUNSEL:**
Kenneth C. Miller (MSB#10043)
**DANKS MILLER & CORY**
213 South Lamar Street (39201)
Post Office Box 1759
Jackson, Mississippi 39215-1759
Telephone: 601.957.3101
Facsimile: 601.957.3160

## CERTIFICATE OF SERVICE

I, KENNETH C. MILLER, do hereby certify that a true and correct copy of the above and foregoing Request for Admissions will be served on the Defendant with service of the Complaint and Summons.

THIS the _____ day of May, 2017.

_____
KENNETH C. MILLER

IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

KENNY YOUNG                                                    **PLAINTIFF**

**VS.**                                    CIVIL ACTION NO. 2017-116-1

AMERICAN MEDICAL RESPONSE, INC.,
MOBILE MEDIC AMBULANCE SERVICE
INC. D/B/A AMR CENTRAL MISSISSIPPI
AND JOHN DOES 1-5                                            **DEFENDANTS**

---

### FIRST SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT, AMERICAN MEDICAL RESPONSE, INC.

---

COMES NOW the Plaintiff, by and through counsel, and propounds the following Interrogatories to American Medical Response, Inc. and gives notice that such interrogatories should be answered separately and fully in writing, under oath, in the time and manner prescribed by law, and shall be deemed a continuous obligation.

### DEFINITIONS

The following definitions are to be used in answering these interrogatories:

1) **IDENTIFY**: The word "identify" as used in this discovery means that for each person you identify you provide their full name, home address, business address, current employer, all known email addresses, and all known phone numbers; and for each entity that you identify you provide the full legal name, state of incorporation, and any trade or "D/B/A" name.

2) **DOCUMENT**: Pursuant to Rule 26(B)(5) of the Mississippi Rules of Civil Procedure, the term "document" as used in this discovery means each and every writing or paper of any kind or character, all data and information that is recorded or stored in any digital form, including but not limited to, film, video, CD, DVD, data disk, backup system or any other magnetic, electronic, or digital medium.

3) **YOU or YOURS**: The term "you" or "yours" as used in this discovery means yourself, as well as any representatives, agents, employees, servants, masters, private investigators, parent corporations, subsidiary corporations, and any other person acting on American Medical Response, Inc.'s behalf in connection with the subject matter of this lawsuit.

## INTERROGATORIES

**INTERROGATORY NO. 1:**          Identify each and every witness who you may call to testify at the trial of this matter.

**INTERROGATORY NO. 2:**          Identify any lay witness who you may call to testify as to any lay or non-expert opinions, and for each such person specifically set out the substance of any lay or non-expert opinions and the basis therefore.

**INTERROGATORY NO. 3:**          For each person who you expect to call or who you may call, to offer expert witness testimony or testimony falling within Rule 702 of the Mississippi Rules of Civil Procedure, please provide the following:

1) full name, current residence address, and current business address;

2) name and physical address for each employer during the last 10 years;

3) the specific subject matter that the expert is expected to testify about;

4) the substance of the facts to which the expert is expected to testify;

5) the substance of the opinions to which the expert is expected to testify, specifically including but not limited to:

    a. any opinion that any other defendant was negligent;

    b. any opinion that any other person, including any plaintiff, was negligent;

c. any opinion that any act or omission by a third person caused or contributed to the damages at issue in this case;

d. any opinion as to what specifically caused or contributed to damages being claimed in this case; and,

e. any opinion as to any specific pre-existing illness, event or medical condition caused or contributed to the damages being claimed in this case.

**INTERROGATORY NO. 4:**      Please identify each and every document or exhibit or other type of evidence that you intend to use during the trial of this matter.

**INTERROGATORY NO. 5:**      Please fully identify each and every deposition which you have obtained in connection with this case, or that you have provided to any expert identified by any party in this action.

**INTERROGATORY NO. 6:**      For each medical text, treatise, article and/or study you will rely on in the trial of this cause in your attempt to defend this action, state the title, author, publisher, date and page number(s).

**INTERROGATORY NO. 7:**      Please list every document and thing that you have provided to any expert you expect to testify by trial or deposition in connection with this case.

**INTERROGATORY NO. 8:**      For each corporate Defendant, please state the following:

1) Full name;

2) Principal place of business;

3) any parent or subsidiary corporations;

4) The nature of any past or present business or contractual relationship or affiliation with any other defendants and,

5) The "identity" of any current or former employee or officer who you reasonably believe to have, or know to have, any knowledge of any of the facts at issue in this case.

**INTERROGATORY NO. 9:** Have you ever been a party to a lawsuit in the last 10 (ten) years other than this lawsuit, and if so, please provide a short summary of the basis for the lawsuit, the parties involved, and the ultimate outcome or resolution in addition to identifying the complete style and cause number as well as the lawyers involved.

**INTERROGATORY NO. 10:** If you know, contend or have reason to believe that any corporate Defendant, including yourself, has not been sued in its correct legal name, or is not a proper defendant because of the nature of the corporate organizational structure, or that some other related or affiliated corporate entity is the proper Defendant, please explain in detail the basis for your belief and "identify" the proper corporate defendant.

**INTERROGATORY NO. 11:** Please identify every insurance policy, the specific coverage's available, and the specific coverage limits, for every insurance policy in existence on the date of the accident or occurrence, or which might provide you with any coverage in this case.

**INTERROGATORY NO. 12:** Do you contend that the plaintiff has exaggerated any complaint, symptom or impairment in connection with the injuries alleged to have been sustained in this accident? If so, please describe in detail.

**INTERROGATORY NO. 13:** Please identify all written or recorded statements taken, or photographs, videos or motion pictures which include any party or which involve or are

relevant to any claim at issue in this case, and for each state the date made or taken, and the name and address of the person that has custody of the same, and the subject matter.

**INTERROGATORY NO. 14:** Please identify each person assisting in the preparation of, or providing any information relied upon in preparing your answers to these interrogatories as well as any accompanying requests for production of documents.

**INTERROGATORY NO. 15:** If you know of any admission against interest by any party to this action, or any agent or representative of any party to this action, please state the person making the admission, the substance of the actual admission against interest, and identify all other persons who were present or who have knowledge of the fact that such an admission was made.

**INTERROGATORY NO. 16:** If you contend that any plaintiff was guilty of any negligence which caused or contributed to the subject accident, occurrence or incident, please state with specificity what you contend each such plaintiff did that may have constituted negligence, and set out all facts and information which you believe support your contention.

**INTERROGATORY NO. 17:** Please state whether or not you accept liability for the accident, occurrence or incident at issue in this case, and if not, state each and every reason why you refuse to do so.

**INTERROGATORY NO. 18:** Please identify all documents or evidence of which you are aware relating in any way to your contention that any claimed injury, damage or loss was caused by something other than the negligence or wrongful conduct of your employees.

**INTERROGATORY NO. 19:**     If in your answer you affirmatively asserted your right to apportion fault to any other party, person, or entity, (and consistent with your obligation to have good ground to support any pleading or affirmative defense) please:

    1) "Identify" of each party, person or entity that you claim the right to apportion fault against;

    2) "Identify" all facts, documents, information, or other evidence which support your contention that fault should be apportioned to any other party, person or entity; and,

    3) "Identify" all facts, documents, information, or other evidence in your knowledge, possession, or control which indicate in any way that any other party, or that any other person, or that any other entity may be liable for all or part of the damages and losses being claimed in this case.

**INTERROGATORY NO. 20:**     With respect to each affirmative defense pled in your answer, please "identify" all documents and things which support each affirmative defense.

**INTERROGATORY NO. 21:**     If you contend that there was a superseding and/or intervening cause which may limit or extinguish any liability that you may have in this case, please:

    1)    Provide a description of the claimed superseding intervening event;

    2)    "Identify" the facts, documents, and evidence which you reasonably believe both support and potentially refute your claim of a superseding intervening cause;

    3)    The "identity" of any expert witness who may testify at trial in support of your claim of a superseding intervening cause; and,

4) Set out all opinions and information on which your claim is based as required by Rule 26(b)(4) of the Mississippi Rules of Civil Procedure.

**INTERROGATORY NO. 22:** Please state all medical or healthcare professionals you have consulted with, or who you conversed with, concerning the treatment and care of the Plaintiff, and for each, state:

1) Their name, address, specialty and qualifications;

2) The date and time of each conversation or consultation;

3) The substance of the same; and,

4) The reason for the consultation or conversation.

**INTERROGATORY NO. 23:** Do you have, or know of the existence of, any report, correspondence or other record relating to the treatment of the Plaintiff that is not presently a part of the medical records, and if so, please provide:

1) A description of the same;

2) The date it was made; and,

3) The name and address of the person who has custody of the same.

**INTERROGATORY NO. 24:** Please state your business relationship with Smith County and/or the City of Taylorsville and the dates you have entered into contracts with Smith County and/or Taylorsville to provide them with ambulance services.

**INTERROGATORY NO. 25:** Please fully explain why your employees on August 18, 2016 allowed the Plaintiff, Kenny Young to walk down the stairs, unassisted, while carrying a portable cardiac monitor.

**RESPECTFULLY SUBMITTED,** this the 23rd day of May, 2017.

**Page 7 of 8**

_KENNETH C. MILLER (MSB#10043)_

OF COUNSEL:

KENNETH C. MILLER (MSB# 10043)
Danks, Miller & Cory
213 South Lamar Street (39201)
Post Office Box 1759
Jackson, Mississippi 39215
Phone: 601.957.3101
Facsimile: 601.957.3160

## CERTIFICATE OF SERVICE

I, KENNETH C. MILLER, do hereby certify that a true and correct copy of the above and foregoing First Set of Interrogatories will be served on the Defendant with service of the Complaint and Summons.

THIS, the 25 day of _May_____, 2017.

_KENNETH C. MILLER_

IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

KENNY YOUNG                                                  **PLAINTIFF**

**vs.**                                CIVIL ACTION NO. 2017-116-1

AMERICAN MEDICAL RESPONSE, INC.,
MOBILE MEDIC AMBULANCE SERVICE
INC. D/B/A AMR CENTRAL MISSISSIPPI
AND JOHN DOES 1-5                                           **DEFENDANTS**

---

### FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT, AMERICAN MEDICAL RESPONSE, INC.

---

COME NOW, the Plaintiff, by and through counsel, pursuant to Rule 34 of the Mississippi Rules of Civil Procedure, and file(s) this First Request for Production of Documents to Defendant, American Medical Response, Inc., as follows:

#### I. DEFINITIONS

The following definitions are to be used in answering these requests:

1) **DOCUMENT**: Pursuant to Rule 26(B)(5) of the Mississippi Rules of Civil Procedure, the term "document" as used in this discovery means each and every potentially responsive writing or paper or thing of any kind or character, including that which is contained, retained or stored in any electronic, digital or magnetic format (such as a hard drive, zip drive, cassette, film, CD, DVD, data disk, backup, or similar system). All such data may be produced on a CD or DVD (at the election of the producing party), and in a PDF format, unless otherwise mutually agreed.

2) **YOU or YOURS**: The term "you" or "yours" as used in this discovery means the yourself, as well as any representatives, agents, employees, servants, masters, private

investigators, parent corporations, subsidiary corporations, and any other person acting on the American Medical Response, Inc.'s behalf in connection with the subject matter of this lawsuit.

## II. REQUEST FOR PRODUCTION

**REQUEST NO. 1:**   Please produce certified copies of any and all insurance policies, all policy forms, riders, and addendums from any policies issued to you which were in effect during the time the subject incident occurred and which may provide insurance any coverage for an damage or claim at issue in this case. This request specifically included both primary and excess policies.

**REQUEST NO. 2:**   Please produce certified copies of any and all insurance policies, and all policy forms, riders, and addendums from any policies issued to any other person or entity and under which you may be insured, defended or indemnified for all or part of the allegations contained in the complaint. This request specifically included both primary and excess policies.

**REQUEST NO. 3:**   Please produce copies of all "documents" voluntarily provided by you to any other party in this action, or voluntarily provided by any other party to you.

**REQUEST NO. 4:**   Please produce any human resource or personnel file or compensation or complaint or disciplinary file maintained by you and which contains information related to the employment or business or services relationship between you and Ken Walters.

**REQUEST NO. 5:**   Please produce any human resource or personnel file or compensation or complaint or disciplinary file maintained by you and which contains

information related to the employment or business or services relationship between you and Landon Wilson.

**REQUEST NO. 6:**   Please produce all "documents" which in any way pertain to the subject matter of this lawsuit, or which contain any information concerning this lawsuit, or the parties involved, or the claims asserted, or the defenses asserted, which were prepared, created or maintained on or before the date this lawsuit was filed.

**REQUEST NO. 7:**   Please produce all "documents" identified, or referred to, or reviewed or relied upon in responding the accompanying first set of interrogatories.

**REQUEST NO. 8:**   Please produce all "documents" which you may utilize in any manner during the trial of this matter.

**REQUEST NO. 9:**   Please produce all "documents" which you rely upon as support for each affirmative defense pled in your answer.

**REQUEST NO. 10:**   Please produce all "documents" which may be relevant to the claims at issue in this case.

**REQUEST NO. 11:**   Please produce all "documents" which tend to prove or disprove any issue in this case.

**REQUEST NO. 12:**   For each expert you expect to provide testimony at any hearing or trial, please produce the following "documents":

1) Current resume or Curriculum Vitae;

2) A copy of all depositions and court testimony where the expert has testified previously;

3) A copy of all documents obtained by the expert, or provided to the expert, which are in any way related to the subject matter of this litigation or this issues involved;.

4) A copy of all documents and communications between you or anyone acting on your behalf and the expert;

5) A copy of all documents relied on by, utilized by, or reviewed by, or considered by, the expert in formulating any opinions in this case;

6) A copy of any reports prepared by the expert,

7) A copy of all bills and invoices submitted by the expert.

**REQUEST NO. 13:**  Please produce all original medical records, charts, reports, forms, and any other medical "document" in your possession or control that has any relationship to the allegations in this case.

**REQUEST NO. 14:**  Please produce for inspection and copying all medical records and "documents" obtained by you or on your behalf that have any relationship or connection to this case.

**REQUEST NO. 15:**  Please produce all "documents" containing, referring or relating to any statements which you attribute to the any potential witness or person with discoverable knowledge.

**REQUEST NO. 16:** Please produce all photographs, recordings, video, animations, drawings, charts, graphics, representations and recreations that are relevant to any issue in dispute.

**REQUEST NO. 17:** Please produce all "documents", including but not limited to all reports or summaries pertaining to the subject treatment and care or your involvement, observation, perception or recollection of the same and created prior to your receipt of the notice of claim letter.

**REQUEST NO. 18:** Please produce all "documents", including but not limited to settlement agreements, indemnity agreements, cost sharing agreements or similar documents reflecting any agreement or understanding you have made with anyone regarding any of the issues in this case.

**REQUEST NO. 19:** Please produce copies of all depositions and transcripts where your employees, Ken Walters and Landon Wilson, have given testimony in any prior civil matter.

**REQUEST NO. 20:** If you have withheld any "document" or thing from discovery based upon a claim of attorney/client privilege, an assertion of the work product doctrine, or a claim of any other privilege, please produce a "privilege and objection log" identifying and describing all such documents and things not produced; state their current location as well as the location where the originals and copies are usually kept; and explain the basis for not producing the same.

**REQUEST NO. 21:** Please produce all contracts and/or agreements you have with Smith County and/or Taylorsville to provide ambulance services in the past ten (10) years.

**REQUEST NO. 22:**  Please produce all licenses and certifications for Ken Walters.

**REQUEST NO. 23:**  Please produce all licenses and certifications for Landon Wilson.

**REQUEST NO. 24:**  Please produce all policies and protocols and procedure manuals that were in place at American Medical Response, Inc. in August of 2016.

**REQUEST NO. 25:**  Please produce all documents that show or are related to any safety standards that were in place at American Medical Response, Inc. in August of 2016.

**REQUEST NO. 26:**  Please produce all incident reports and/or quality control reports of the Defendant, American Medical Response, Inc., that are related to the Plaintiff, Kenny Young and his August 18, 2016 transport.

## III.  TIME AND PLACE OF PRODUCTION

1.      Pursuant to Rule 34(b) of the Mississippi Rules of Civil Procedure, you are requested to file written responses and objections to these requests within 30 days after the service of these requests.

2.      Pursuant to Rule 34(a) and (b), you are further requested to produce the requested documents at **9:00 am on June, 21, 2017**, at the offices of Danks, Miller & Cory, which is located at 213 South Lamar Street, Jackson, MS 39201, and thereupon to permit the inspection and copying of the same.

3.      Unless otherwise agreed in writing, the responsive documents are to be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories in the request that call for their production.

4.      We will always consider reasonable modifications with respect to the designated "Time and Place of Production" should you have a conflict with the proposed date and time, or if you believe that the proposed time, place or manner of the proposed inspection is not reasonable, or if you need a reasonable amount of additional time to fully respond. However, any such modification must be confirmed in writing prior to the production date.

**RESPECTFULLY SUBMITTED**, this the ____ day of _____, 2017.

_____

KENNETH C. MILLER (MSB#10043)

OF COUNSEL:

KENNETH C. MILLER (MSB# 10043)
Danks, Miller & Cory
213 South Lamar Street (39201)
Post Office Box 1759
Jackson, Mississippi 39215
Phone: 601.957.3101
Facsimile: 601.957.3160

## CERTIFICATE OF SERVICE

I, KENNETH C. MILLER, do hereby certify that a true and correct copy of the above and foregoing Request for Production of Documents will be served on the Defendant with service of the Complaint and Summons.

THIS, the ____ day of _____, 2017.

_____

KENNETH C. MILLER

Page 7 of 7

IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

KENNY YOUNG                                                                    **PLAINTIFF**

vs.                                                  CIVIL ACTION NO. 2017-116-1

AMERICAN MEDICAL RESPONSE, INC.,
MOBILE MEDIC AMBULANCE SERVICE
INC. D/B/A AMR CENTRAL MISSISSIPPI
AND JOHN DOES 1-5                                                          **DEFENDANTS**

---

### FIRST SET OF REQUEST FOR ADMISSION PROPOUNDED TO
### DEFENDANT, MOBILE MEDICA AMBULANCE SERVICE INC.
### D/B/A AMR CENTRAL MISSISSIPPI

---

COMES NOW the Plaintiff, Kenny Young, by and through counsel, pursuant to Rule 35 of the Mississippi Rules of Civil Procedure, and propounds this his First Set of Requests for Admissions to Defendant, Mobile Medic Ambulance Service Inc. D/B/A AMR Central Mississippi:

**REQUEST 1:** Please admit that on August 18, 2016 that Ken Walters and Landon Wilson were employed by Mobile Medic Ambulance Service Inc. D/B/A AMR Central Mississippi.

**REQUEST 2:** Please admit that on August 18, 2016 that Ken Walters and Landon Wilson provided medical treatment to the Plaintiff, Kenny Young.

**REQUEST 3:** Please admit that on August 18, 2016 that Ken Walters took the Plaintiff's blood pressure at approximately 08:12 and his blood pressure was 205/122.

**REQUEST 4:** Please admit that on August 18, 2016 that Ken Walters and Landon Wilson instructed the Plaintiff to walk down stairs by himself without support.

Page 1 of 3

**REQUEST 5:**  Please admit that on August 18, 2016 that Ken Walters and Landon Wilson instructed the Plaintiff to walk down stairs by himself and to carry a portable cardiac monitor.

**REQUEST 6:**  Please admit that on August 18, 2016 that Ken Walters and Landon Wilson did not place the Plaintiff on a backboard until after he had fallen.

**REQUEST 7:**   Please admit that on August 18, 2016 that Ken Walters and Landon Wilson allowed the Plaintiff to walk down the stairs even though he was hypertensive, complaining of chest pain, and had nausea/vomiting.

**REQUEST 8:**   Please admit that on August 18, 2016 that Ken Walters and Landon Wilson owed a duty of care to the Plaintiff.

**REQUEST 9:**   Please admit that on August 18, 2016 that Ken Walters and Landon Wilson breached their duty of care to the Plaintiff by allowing the Plaintiff to walk down the stairs unassisted.

**REQUEST 10:**   Please admit that on August 18, 2016 that Ken Walters and Landon Wilson should have used a backboard and not allowed the Plaintiff to walk down the stairs unassisted.

**REQUEST 11:**  Please admit that on August 18, 2016 that Ken Walters and Landon Wilson should have physically supported the Plaintiff as he walked downstairs, if a backboard was available.

**REQUEST 12:**   Please admit that a patient with a blood pressure of 205/122 is at a higher risk of feinting than a patient with a normal blood pressure.

**REQUEST 13:**   Please admit that on August 18, 2016 that Ken Walters and Landon Wilson did not perform a fall assessment on the Plaintiff prior to allowing him to walk down stairs unattended.

**REQUEST 14:**   Please admit that you are a proper party to this lawsuit and that Ken Walters and Landon Wilson were employees of yours on August 18, 2016.

THIS, the 23ʳᵈ day of May, 2017.

**KENNY YOUNG**
**Plaintiff**

By: _____

Kenneth C. Miller (MSB# 10043)

**OF COUNSEL:**
Kenneth C. Miller (MSB#10043)
**DANKS MILLER & CORY**
213 South Lamar Street (39201)
Post Office Box 1759
Jackson, Mississippi 39215-1759
Telephone: 601.957.3101
Facsimile: 601.957.3160

## CERTIFICATE OF SERVICE

I, KENNETH C. MILLER, do hereby certify that a true and correct copy of the above and foregoing Request for Admissions will be served on the Defendant with service of the Complaint and Summons.

THIS the 23ʳᵈ day of May, 2017.

_____
KENNETH C. MILLER

IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

KENNY YOUNG                                                    **PLAINTIFF**

**vs.**                                    CIVIL ACTION NO. 2017-116-1

AMERICAN MEDICAL RESPONSE, INC.,
MOBILE MEDIC AMBULANCE SERVICE
INC. D/B/A AMR CENTRAL MISSISSIPPI
AND JOHN DOES 1-5                                            **DEFENDANTS**

---

### FIRST SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT, MOBILE MEDIC AMBULANCE SERVICE, INC. D/B/A AMR CENTRAL MISSISSIPPI

---

**COMES NOW** the Plaintiff, by and through counsel, and propounds the following Interrogatories to Mobile Medic Ambulance Service, Inc. D/B/A AMR Central Mississippi and gives notice that such interrogatories should be answered separately and fully in writing, under oath, in the time and manner prescribed by law, and shall be deemed a continuous obligation.

### DEFINITIONS

The following definitions are to be used in answering these interrogatories:

1) **IDENTIFY**: The word "identify" as used in this discovery means that for each person you identify you provide their full name, home address, business address, current employer, all known email addresses, and all known phone numbers; and for each entity that you identify you provide the full legal name, state of incorporation, and any trade or "D/B/A" name.

2) **DOCUMENT**: Pursuant to Rule 26(B)(5) of the Mississippi Rules of Civil Procedure, the term "document" as used in this discovery means each and every writing or paper of any kind or character, all data and information that is recorded or stored in any digital form, including but not limited to, film, video, CD, DVD, data disk, backup system or any other magnetic, electronic, or digital medium.

3) **YOU or YOURS**: The term "you" or "yours" as used in this discovery means yourself, as well as any representatives, agents, employees, servants, masters, private investigators, parent corporations, subsidiary corporations, and any other person acting on Mobile Medic Ambulance Service, Inc. D/B/A AMR Central Mississippi's behalf in connection with the subject matter of this lawsuit.

## INTERROGATORIES

**INTERROGATORY NO. 1:**        Identify each and every witness who you may call to testify at the trial of this matter.

**INTERROGATORY NO. 2:**        Identify any lay witness who you may call to testify as to any lay or non-expert opinions, and for each such person specifically set out the substance of any lay or non-expert opinions and the basis therefore.

**INTERROGATORY NO. 3:**        For each person who you expect to call or who you may call, to offer expert witness testimony or testimony falling within Rule 702 of the Mississippi Rules of Civil Procedure, please provide the following:

1) full name, current residence address, and current business address;

2) name and physical address for each employer during the last 10 years;

3) the specific subject matter that the expert is expected to testify about;

4) the substance of the facts to which the expert is expected to testify;

5) the substance of the opinions to which the expert is expected to testify, specifically including but not limited to:

a. any opinion that any other defendant was negligent;

b. any opinion that any other person, including any plaintiff, was negligent;

c. any opinion that any act or omission by a third person caused or contributed to the damages at issue in this case;

d. any opinion as to what specifically caused or contributed to damages being claimed in this case; and,

e. any opinion as to any specific pre-existing illness, event or medical condition caused or contributed to the damages being claimed in this case.

**INTERROGATORY NO. 4:**      Please identify each and every document or exhibit or other type of evidence that you intend to use during the trial of this matter.

**INTERROGATORY NO. 5:**      Please fully identify each and every deposition which you have obtained in connection with this case, or that you have provided to any expert identified by any party in this action.

**INTERROGATORY NO. 6:**      For each medical text, treatise, article and/or study you will rely on in the trial of this cause in your attempt to defend this action, state the title, author, publisher, date and page number(s).

**INTERROGATORY NO. 7:**      Please list every document and thing that you have provided to any expert you expect to testify by trial or deposition in connection with this case.

**INTERROGATORY NO. 8:**      For each corporate Defendant, please state the following:

1) Full name;

2) Principal place of business;

3) any parent or subsidiary corporations;

4) The nature of any past or present business or contractual relationship or affiliation with any other defendants and,

5) The "identity" of any current or former employee or officer who you reasonably believe to have, or know to have, any knowledge of any of the facts at issue in this case.

**INTERROGATORY NO. 9:** Have you ever been a party to a lawsuit in the last 10 (ten) years other than this lawsuit, and if so, please provide a short summary of the basis for the lawsuit, the parties involved, and the ultimate outcome or resolution in addition to identifying the complete style and cause number as well as the lawyers involved.

**INTERROGATORY NO. 10:** If you know, contend or have reason to believe that any corporate Defendant, including yourself, has not been sued in its correct legal name, or is not a proper defendant because of the nature of the corporate organizational structure, or that some other related or affiliated corporate entity is the proper Defendant, please explain in detail the basis for your belief and "identify" the proper corporate defendant.

**INTERROGATORY NO. 11:** Please identify every insurance policy, the specific coverage's available, and the specific coverage limits, for every insurance policy in existence on the date of the accident or occurrence, or which might provide you with any coverage in this case.

**INTERROGATORY NO. 12:** Do you contend that the plaintiff has exaggerated any complaint, symptom or impairment in connection with the injuries alleged to have been sustained in this accident? If so, please describe in detail.

**INTERROGATORY NO. 13:** Please identify all written or recorded statements taken, or photographs, videos or motion pictures which include any party or which involve or are

relevant to any claim at issue in this case, and for each state the date made or taken, and the name and address of the person that has custody of the same, and the subject matter.

**INTERROGATORY NO. 14:**     Please identify each person assisting in the preparation of, or providing any information relied upon in preparing your answers to these interrogatories as well as any accompanying requests for production of documents.

**INTERROGATORY NO. 15:**     If you know of any admission against interest by any party to this action, or any agent or representative of any party to this action, please state the person making the admission, the substance of the actual admission against interest, and identify all other persons who were present or who have knowledge of the fact that such an admission was made.

**INTERROGATORY NO. 16:**     If you contend that any plaintiff was guilty of any negligence which caused or contributed to the subject accident, occurrence or incident, please state with specificity what you contend each such plaintiff did that may have constituted negligence, and set out all facts and information which you believe support your contention.

**INTERROGATORY NO. 17:**     Please state whether or not you accept liability for the accident, occurrence or incident at issue in this case, and if not, state each and every reason why you refuse to do so.

**INTERROGATORY NO. 18:**     Please identify all documents or evidence of which you are aware relating in any way to your contention that any claimed injury, damage or loss was caused by something other than the negligence or wrongful conduct of your employees.

**INTERROGATORY NO. 19:**     If in your answer you affirmatively asserted your right to apportion fault to any other party, person, or entity, (and consistent with your obligation to have good ground to support any pleading or affirmative defense) please:

1) "Identify" of each party, person or entity that you claim the right to apportion fault against;

2) "Identify" all facts, documents, information, or other evidence which support your contention that fault should be apportioned to any other party, person or entity; and,

3) "Identify" all facts, documents, information, or other evidence in your knowledge, possession, or control which indicate in any way that any other party, or that any other person, or that any other entity may be liable for all or part of the damages and losses being claimed in this case.

**INTERROGATORY NO. 20:**     With respect to each affirmative defense pled in your answer, please "identify" all documents and things which support each affirmative defense.

**INTERROGATORY NO. 21:**     If you contend that there was a superseding and/or intervening cause which may limit or extinguish any liability that you may have in this case, please:

1)     Provide a description of the claimed superseding intervening event;

2)     "Identify" the facts, documents, and evidence which you reasonably believe both support and potentially refute your claim of a superseding intervening cause;

3)     The "identity" of any expert witness who may testify at trial in support of your claim of a superseding intervening cause; and,

4)      Set out all opinions and information on which your claim is based as required by
Rule 26(b)(4) of the Mississippi Rules of Civil Procedure.

**INTERROGATORY NO. 22:**      Please state all medical or healthcare professionals
you have consulted with, or who you conversed with, concerning the treatment and care of the
Plaintiff, and for each, state:

1) Their name, address, specialty and qualifications;

2) The date and time of each conversation or consultation;

3) The substance of the same; and,

4) The reason for the consultation or conversation.

**INTERROGATORY NO. 23:**      Do you have, or know· of the existence of, any
report, correspondence or other record relating to the treatment of the Plaintiff that is not
presently a part of the medical records, and if so, please provide:

1) A description of the same;

2) The date it was made; and,

3) The name and address of the person who has custody of the same.

**INTERROGATORY NO. 24:**      Please state your business relationship with Smith
County and/or the City of Taylorsville and the dates you have entered into contracts with Smith
County and/or Taylorsville to provide them with ambulance services.

**INTERROGATORY NO. 25:**      Please fully explain why your employees on August
18, 2016 allowed the Plaintiff, Kenny Young to walk down the stairs, unassisted, while carrying
a portable cardiac monitor.

RESPECTFULLY SUBMITTED, this the _____ day of _____, 2017.

_____
KENNETH C. MILLER (MSB#10043)

OF COUNSEL:

KENNETH C. MILLER (MSB# 10043)
Danks, Miller & Cory
213 South Lamar Street (39201)
Post Office Box 1759
Jackson, Mississippi 39215
Phone: 601.957.3101
Facsimile: 601.957.3160

## CERTIFICATE OF SERVICE

I, KENNETH C. MILLER, do hereby certify that a true and correct copy of the above and foregoing First Set of Interrogatories will be served on the Defendant with service of the Complaint and Summons.

THIS, the _____ day of _____, 2017.

_____
KENNETH C. MILLER

IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

KENNY YOUNG                                                          PLAINTIFF

vs.                                      CIVIL ACTION NO. 2017-116-1

AMERICAN MEDICAL RESPONSE, INC.,
MOBILE MEDIC AMBULANCE SERVICE
INC. D/B/A AMR CENTRAL MISSISSIPPI
AND JOHN DOES 1-5                                                   DEFENDANTS

---

### FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT, MOBILE MEDIC AMBULANCE SERVICE, INC. D/B/A AMR CENTRAL MISSISSIPPI

---

COME NOW, the Plaintiff, by and through counsel, pursuant to Rule 34 of the

Mississippi Rules of Civil Procedure, and file(s) this First Request for Production of Documents

to Defendant, Mobile Medic Ambulance Service, Inc. D/B/A AMR Central Mississippi, as

follows:

### I. DEFINITIONS

The following definitions are to be used in answering these requests:

1) **DOCUMENT**: Pursuant to Rule 26(B)(5) of the Mississippi Rules of Civil Procedure,

the term "document" as used in this discovery means each and every potentially responsive

writing or paper or thing of any kind or character, including that which is contained, retained or

stored in any electronic, digital or magnetic format (such as a hard drive, zip drive, cassette, film,

CD, DVD, data disk, backup, or similar system).  All such data may be produced on a CD or

DVD (at the election of the producing party), and in a PDF format, unless otherwise mutually

agreed.

2) **YOU or YOURS**: The term "you" or "yours" as used in this discovery means the yourself, as well as any representatives, agents, employees, servants, masters, private investigators, parent corporations, subsidiary corporations, and any other person acting on the Mobile Medic Ambulance Service, Inc. D/B/A AMR Central Mississippi's behalf in connection with the subject matter of this lawsuit.

## II. REQUEST FOR PRODUCTION

**REQUEST NO. 1:**   Please produce certified copies of any and all insurance policies, all policy forms, riders, and addendums from any policies issued to you which were in effect during the time the subject incident occurred and which may provide insurance any coverage for an damage or claim at issue in this case. This request specifically included both primary and excess policies.

**REQUEST NO. 2:**   Please produce certified copies of any and all insurance policies, and all policy forms, riders, and addendums from any policies issued to any other person or entity and under which you may be insured, defended or indemnified for all or part of the allegations contained in the complaint. This request specifically included both primary and excess policies.

**REQUEST NO. 3:**   Please produce copies of all "documents" voluntarily provided by you to any other party in this action, or voluntarily provided by any other party to you.

**REQUEST NO. 4:**   Please produce any human resource or personnel file or compensation or complaint or disciplinary file maintained by you and which contains

information related to the employment or business or services relationship between you and Ken Walters.

**REQUEST NO. 5:**   Please produce any human resource or personnel file or compensation or complaint or disciplinary file maintained by you and which contains information related to the employment or business or services relationship between you and Landon Wilson.

**REQUEST NO. 6:**   Please produce all "documents" which in any way pertain to the subject matter of this lawsuit, or which contain any information concerning this lawsuit, or the parties involved, or the claims asserted, or the defenses asserted, which were prepared, created or maintained on or before the date this lawsuit was filed.

**REQUEST NO. 7:**   Please produce all "documents" identified, or referred to, or reviewed or relied upon in responding the accompanying first set of interrogatories.

**REQUEST NO. 8:**   Please produce all "documents" which you may utilize in any manner during the trial of this matter.

**REQUEST NO. 9:**   Please produce all "documents" which you rely upon as support for each affirmative defense pled in your answer.

**REQUEST NO. 10:**   Please produce all "documents" which may be relevant to the claims at issue in this case.

**REQUEST NO. 11:** Please produce all "documents" which tend to prove or disprove any issue in this case.

**REQUEST NO. 12:**  For each expert you expect to provide testimony at any hearing or trial, please produce the following "documents":

1) Current resume or Curriculum Vitae;

2) A copy of all depositions and court testimony where the expert has testified previously;

3) A copy of all documents obtained by the expert, or provided to the expert, which are in any way related to the subject matter of this litigation or this issues involved;

4) A copy of all documents and communications between you or anyone acting on your behalf and the expert;

5) A copy of all documents relied on by, utilized by, or reviewed by, or considered by, the expert in formulating any opinions in this case;

6) A copy of any reports prepared by the expert,

7) A copy of all bills and invoices submitted by the expert.

**REQUEST NO. 13:**  Please produce all original medical records, charts, reports, forms, and any other medical "document" in your possession or control that has any relationship to the allegations in this case.

**REQUEST NO. 14:**  Please produce for inspection and copying all medical records and "documents" obtained by you or on your behalf that have any relationship or connection to this case.

**REQUEST NO. 15:**  Please produce all "documents" containing, referring or relating to any statements which you attribute to the any potential witness or person with discoverable knowledge.

**REQUEST NO. 16:**  Please produce all photographs, recordings, video, animations, drawings, charts, graphics, representations and recreations that are relevant to any issue in dispute.

**REQUEST NO. 17:**  Please produce all "documents", including but not limited to all reports or summaries pertaining to the subject treatment and care or your involvement, observation, perception or recollection of the same and created prior to your receipt of the notice of claim letter.

**REQUEST NO. 18:**  Please produce all "documents", including but not limited to settlement agreements, indemnity agreements, cost sharing agreements or similar documents reflecting any agreement or understanding you have made with anyone regarding any of the issues in this case.

**REQUEST NO. 19:**  Please produce copies of all depositions and transcripts where your employees, Ken Walters and Landon Wilson, have given testimony in any prior civil matter.

**REQUEST NO. 20:**  If you have withheld any "document" or thing from discovery based upon a claim of attorney/client privilege, an assertion of the work product doctrine, or a claim of any other privilege, please produce a "privilege and objection log" identifying and describing all such documents and things not produced; state their current location as well as the

location where the originals and copies are usually kept; and explain the basis for not producing the same.

**REQUEST NO. 21:** Please produce all contracts and/or agreements you have with Smith County and/or Taylorsville to provide ambulance services in the past ten (10) years.

**REQUEST NO. 22:** Please produce all licenses and certifications for Ken Walters.

**REQUEST NO. 23:** Please produce all licenses and certifications for Landon Wilson.

**REQUEST NO. 24:** Please produce all policies and protocols and procedure manuals that were in place at Mobile Medic Ambulance Service, Inc. D/B/A AMR Central Mississippi in August of 2016.

**REQUEST NO. 25:** Please produce all documents that show or are related to any safety standards that were in place at Mobile Medic Ambulance Service, Inc. D/B/A AMR Central Mississippi in August of 2016.

**REQUEST NO. 26:** Please produce all incident reports and/or quality control reports of the Defendant, Mobile Medic Ambulance Service, Inc. D/B/A AMR Central Mississippi, that are related to the Plaintiff, Kenny Young and his August 18, 2018 transport.

### III. TIME AND PLACE OF PRODUCTION

1.      Pursuant to Rule 34(b) of the Mississippi Rules of Civil Procedure, you are requested to file written responses and objections to these requests within 30 days after the service of these requests.

2.      Pursuant to Rule 34(a) and (b), you are further requested to produce the requested documents at **9:00 am on June, 21, 2017**, at the offices of Danks, Miller & Cory, which is located at 213 South Lamar Street, Jackson, MS 39201, and thereupon to permit the inspection and copying of the same.

3.      Unless otherwise agreed in writing, the responsive documents are to be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories in the request that call for their production.

4.      We will always consider reasonable modifications with respect to the designated "Time and Place of Production" should you have a conflict with the proposed date and time, or if you believe that the proposed time, place or manner of the proposed inspection is not reasonable, or if you need a reasonable amount of additional time to fully respond. However, any such modification must be confirmed in writing prior to the production date.

**RESPECTFULLY SUBMITTED**, this the ⟋ day of ⟋⟋⟋⟋⟋ , 2017.

KENNETH C. MILLER (MSB#10043)

OF COUNSEL:

KENNETH C. MILLER (MSB# 10043)
Danks, Miller & Cory
213 South Lamar Street (39201)
Post Office Box 1759
Jackson, Mississippi 39215
Phone: 601.957.3101
Facsimile: 601.957.3160

## CERTIFICATE OF SERVICE

I, KENNETH C. MILLER, do hereby certify that a true and correct copy of the above and foregoing Request for Production of Documents will be served on the Defendant with service of the Complaint and Summons.

THIS, the 23rd day of ___May___, 2017.

_____
KENNETH C. MILLER